IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR350 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOHN MESA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, John Mesa: the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 63); and a Motion to Proceed in Forma Pauperis (Filing No. 64). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Mesa pleaded guilty to distribution and possession with intent to distribute more than 50 but less than 150 grams of a mixture or substance containing methamphetamine. Paragraph 6 of Mesa's plea agreement stated that the parties agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that he would be sentenced to 120 months imprisonment and that this agreement was intended to eliminate issues under the sentencing guidelines including those related to drug quantity, criminal history and role. Mesa was sentenced to 120 months imprisonment and 5 years supervised release. Mesa did not file a direct appeal.

In his § 2255 motion, Mesa argues: he was sentenced to a higher drug quantity to which he pleaded; the Court erred in assessing 2 criminal history points; and defense counsel was ineffective for failing to object to sentencing enhancements.

*Drug Quantity; Criminal History*

The arguments relating to drug quantity and criminal history are precluded by Mesa's Rule 11(c)(1)(C) plea agreement. (Filing No. 38, ¶ 6.) He was sentenced to the agreed upon sentence of 120 months in order to eliminate disputes regarding the issues he now raises. The claim is denied.

*Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Mesa must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

Mesa argues that defense counsel failed to object to sentencing "enhancements." Mesa received no enhancements and, even if he had, any argument regarding enhancements would have been precluded by his plea agreement and his sentence in accordance with that agreement. Therefore, Mesa cannot satisfy either prong of the *Strickland* test. The claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 63);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 63) is summarily denied;

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 64) is denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 2nd day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge